IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TERRANCE GRISSOM,

                Plaintiff,

    v.

JAMES R. SCHWOCHERT and EDWARD WALL,

                Defendants.

ORDER

14-cv-194-jdp

---

Pro se plaintiff Terrance Grissom, a prisoner currently incarcerated at the Columbia Correctional Institution, filed this lawsuit under 42 U.S.C. § 1983 alleging that, while he was incarcerated at the Waupun Correctional Institution ("WCI"), high-ranking prison officials James Schwochert and Edward Wall failed to protect him from the threat of assault by prison staff and allowed him to be placed in conditions of confinement that exacerbated his mental illnesses. In a July 28, 2014 screening order, I granted plaintiff leave to proceed on his failure to protect claim against Schwochert but dismissed the complaint regarding plaintiff's failure to protect claim against Wall and his entire conditions of confinement claim because his allegations failed to comply with Federal Rule of Civil Procedure 8. Dkt. 14. I gave plaintiff an opportunity to submit an amended complaint regarding the dismissed portions of the complaint and stayed service of the complaint on defendant Schwochert pending receipt of plaintiff's amended complaint. *Id*. I also directed plaintiff to submit $0.03 as an initial partial payment of the $350 fee for filing this case. *Id*.

Plaintiff has responded by filing two short responses stating that he was "being abused" while he was incarcerated at the Racine Correctional Institution ("RCI") in August

1

2014, that staff at the Columbia Correctional Institution ("CCI") (where he is currently being incarcerated) is "trying to kill [him] by imposing [a] mail monitor on [him]," that the water at WCI and CCI is poisoned by lead, and that his mail was withheld, read, or tampered with by both WCI and CCI staff.

To the extent that plaintiff seeks preliminary injunctive relief regarding any of these alleged problems, I cannot grant it in this lawsuit. None of the dangers plaintiff raises relate to the claims raised in his original complaint or to defendants Schwochert and Wall. If plaintiff believes that he faces imminent danger of serious harm at CCI, he should file a brand-new lawsuit about that danger.[1] Even if plaintiff might like to file a lawsuit about past harm at the Racine Correctional Institution, he is barred from doing so until he pays in full the outstanding fees in all civil actions he has filed in this circuit. *See Grissom v. Kuluike*, No. 14-cv-590-jdp (Jan. 12, 2015).

As for the directives given to plaintiff in the July 28, 2014 screening order, plaintiff has failed to submit an amended complaint further detailing his failure to protect claim against Wall and his conditions of confinement claim. In his responses, plaintiff suggests that he has been prevented from filing an amended complaint because his mail has been tampered with, but this assertion is contradicted by the fact that plaintiff has had no problem filing complaints in this court (five in 2014) or documents in this lawsuit. Moreover, even after the July 28 order, plaintiff was able to file a lawsuit alleging that the WCI warden is allowing his mental illnesses to go untreated and subjecting him to harsh conditions of confinement,

---

[1] In support of plaintiff's allegation that the drinking water at WCI and CCI has been contaminated by lead, plaintiff includes a letter from the WCI warden stating that "elevated levels of lead in drinking water" has been found "in some areas of the institution." If plaintiff chooses to file a lawsuit regarding the presence of lead in the drinking water at CCI, he will have to explain why he believes that the CCI water supply is contaminated. The conditions at WCI do not provide a plausible reason to believe that the CCI water supply is contaminated.

*Grissom v. Pollard*, 14-cv-808-jdp, which suggests that plaintiff would rather pursue his claims regarding mental illness in the new lawsuit. Accordingly, I conclude that plaintiff has failed to properly amend his complaint as instructed in the July 28 order, and this point, plaintiff may proceed only on plaintiff's failure to protect claim against defendant Schwochert. Defendant Wall will be dismissed from the case.

The complaint will not be served upon defendant Schwochert unless plaintiff complies with my previous instruction to submit his $0.03 initial partial payment of the filing fee. I will give plaintiff a final chance to submit payment or to show cause for his failure to do so.

ORDER

IT IS ORDERED that:

1.  Plaintiff Terrance Grissom's motions for preliminary injunctive relief, Dkt. 16, 17, are DENIED.

2.  Defendant Wall is dismissed from the case.

3.  Plaintiff is to submit a check or money order for $0.03 made payable to the clerk of court on or before March 26, 2015. If plaintiff fails to make the initial partial payment by this deadline or show cause for his failure to do so, I will direct the clerk of court to close the case.

Entered March 12, 2015.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge

3